RIKERD LUMBER CO. *v.* CHROUCH.

GARNISHMENT—EXEMPTIONS—LABOR UNDER CONTRACT.

A householder who takes work upon contract, and employs others, is entitled to his exemptions from garnishment to the extent that the amount due represents his manual labor, not exceeding $30. Act No. 172, Pub. Acts 1901.

Error to Ingham; Wiest, J. Submitted January 6, 1904. (Docket No. 166.) Decided March 8, 1904.

*Assumpsit* by the Rikerd Lumber Company against Frank Chrouch (Claude Quimby, garnishee). From a judgment denying defendant's claim to an exemption, he brings error. Reversed.

*Richard Raudabaugh*, for appellant.

*C. W. & W. S. Foster*, for appellee.

HOOKER, J.   This case was heard below upon stipulated facts.   The defendant was garnished upon a judgment, and the question before us is whether he was entitled to an exemption of $30, which the justice allowed him, but which action the circuit court reversed upon *certiorari;* the sum of $43.15 having been paid into court by the garnishee.

It is agreed that defendant was a householder; that he had a contract for plastering a house at 9 cents a yard, and building a chimney at 25 cents a foot; and that the money, to wit, $43.15, was due upon said contract.   Also that one Christopher, a plasterer, and a tender, assisted him in doing such work.   The question in the case is whether one who takes work upon contract is entitled to the benefit of the statute, where the labor of others is covered by the contract price.

It would be a strict, if not an unreasonable, construction, to say that one should be denied the exemption provided by this statute, in a case where the work was done wholly by his own personal labor, merely for the reason that he did the work for a total sum for the job, instead of daily wages.   The only difference between such a case and this one is that the defendant employed others to aid in the work, viz., a tender, without whom he could not well have done the job, and a fellow plasterer, who might have been dispensed with, but whose employment might have been an economical measure, to keep the tender employed.   The case is complicated by the fact that the sum remaining due may represent the labor of the tender and employé, and there may be a possibility that it represents nothing

else. But the language of the stipulation warrants the inference that $43.15 represents either the entire contract price, or, what is perhaps more probable, that it represents the whole or a part of the earnings by the personal labor of the defendant. In either case it includes the result of his manual labor, and, to the extent that it is included, he is entitled to the exemption, not exceeding $30. See *Pennsylvania Coal Co.* v. *Costello*, 33 Pa. St. 244–247.

The justice found, and in his return to the writ of *certiorari* certifies, (1) that "the defendant was a householder;" (2) "that said garnishee money was the result of, and for, the personal work and labor of defendant;" (3) that he was entitled to an exemption of $30. If the justice erred, it was in saying that the entire sum was for his personal labor. It probably was not, according to this stipulation; but it does not appear that $30 of it was not so, and, as the plaintiff in *certiorari* has not made it appear that there was error in saying that at least $30 represented defendant's earnings, it cannot prevail.

The judgment is reversed, and that of the justice affirmed, with costs of both courts.

The other Justices concurred.